IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02602-KLM

MICHELE G. PADILLA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court[1] on the **Social Security Administrative Record** [#13],[2] filed November 21, 2014, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On January 17, 2015, Plaintiff filed an Opening Brief [#19] (the "Brief"). Defendant filed a Response [#23] in opposition, and Plaintiff filed a Reply [#24]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§

---

    [1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Order of Reference* [#28].

    [2] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED**.

## I. Factual and Procedural Background

Plaintiff alleges that she became disabled at the age of forty-four on November 18, 2010, due to a variety of physical impairments. Tr. 17, 19.[3] On August 10, 2011, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 17. On March 25, 2013, a hearing was held before an Administrative Law Judge (the "ALJ"). Tr. 17. On April 8, 2013, the ALJ entered his Decision, finding that Plaintiff was "not disabled under section 1614(a)(3)(A) of the Social Security Act." Tr. 31.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2010, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since November 18, 2010 (the alleged onset date of her disability). Tr. 19. The ALJ found that Plaintiff suffers from five severe impairments: (1) degenerative disc disease of the lumbar spine, (2) degenerative disc disease of the cervical spine, (3) carpal tunnel syndrome, (4) chronic sinusitis, and (5) obesity. Tr. 19. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 22.

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 13, 13-1, 13-2, 13-3, 13-4, 13-5, 13-6, 13-7, 13-8, 13-9, and 13-10, by the sequential transcript numbers instead of the separate docket numbers.

The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work activities with the following limitations:

> Not required to lift and carry more than 20 pounds occasionally and 10 pounds frequently.  Not required to stoop, balance, crouch, crawl, kneel, or climb stairs and ramps more than occasionally.  Not required to climb scaffolds, ladders, and ropes.  Not required to sit more than six hours of an eight-hour day.  Not required to sit for more than 45 minutes at one time without the opportunity to stand.  Not required to stand/walk for more than two hours out of an eight-hour workday.  Not required to handle or finger objects more than frequently.  Not required to work at unguarded heights or near unguarded hazardous mechanical equipment.  Not required to be exposed to excessive dust, fumes or gases more than incidentally on a rare basis.  Not required to do repetitive up and down or side to side neck movements.

Tr. 23.  Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any past relevant work but that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform . . . ." Tr. 30.  Specifically, based on the testimony of the VE, the ALJ concluded that Plaintiff could perform the representative occupation of a cashier.  Tr. 30.  He therefore found Plaintiff not disabled at step five of the sequential evaluation.  Tr. 31.  The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d

687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

### A.     Legal Standard

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the

"Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#19] at 5. Specifically, Plaintiff argues that the ALJ erred by failing to consider Plaintiff's severe and non-severe impairments in combination throughout the evaluation process.

As noted, the ALJ found that Plaintiff suffers from five severe impairments: (1) degenerative disc disease of the lumbar spine, (2) degenerative disc disease of the cervical spine, (3) carpal tunnel syndrome, (4) chronic sinusitis, and (5) obesity.  Tr. 19.  He also found that Plaintiff suffers from six non-severe impairments: (1) fibromyalgia, (2) mental impairments (affective disorder and anxiety disorder), (3) sleep apnea, (4) hypertension, (5) visual defects, and (6) gastroesophageal reflux disease (GERD).  Tr. 20.  Although Plaintiff mentions "the problems with the ALJ's decision at step two," Plaintiff does not appear to be arguing, at least not explicitly, that the ALJ erred in determining which impairments were severe and which were not severe.  See Brief [#19] at 14.  Although she broadly discusses the ALJ's alleged error in failing to consider all of Plaintiff's impairments in combination throughout his entire analysis, there is no such requirement at step two. *See Groberg v. Astrue*, 415 F. App'x 65, 67 (10th Cir. 2011).  Rather, Plaintiff appears to simply use her initial argument as a springboard to discuss the impact that fibromyalgia and mental impairments have on her life, so as to support her later arguments that these impairments needed to be considered during the later steps of the ALJ's analysis.

The Tenth Circuit Court of Appeals has addressed how an ALJ's error at step two is often harmless:

> The ALJ found at step two the alleged mental impairments (which he

> identified as anxiety, depression, and a personality disorder not otherwise specified) were medically determinable but non-severe. An error at step two concerning the severity of a particular impairment is usually harmless when the ALJ, as here, finds another impairment is severe and proceeds to the remaining steps of the evaluation. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). The real problem occurs later in the analysis, where the ALJ is required to consider the effect of all medically determinable impairments, severe or not, in calculating the claimant's RFC. *See* 20 C.F.R. § 404.1523 ("If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."); *id.* § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," . . . when we assess your [RFC]."). Thus, we turn to the issue of whether the ALJ properly evaluated the effect of [the claimant's] mental impairments in assessing his RFC.

Similarly, here, the ALJ found that Plaintiff could not conclusively be denied benefits at step two and proceeded to steps three, four, and five of his analysis. Thus, to the extent Plaintiff may be arguing that the ALJ erred at step two, such error is harmless.

Regarding Plaintiff's fibromyalgia, the Court disagrees with Plaintiff that the ALJ failed to properly consider it at later steps of his analysis. At step three, the ALJ stated that, "based on a review of the entire record, . . . the claimant's physical impairments, either individually or collectively, do not meet or equal a listing," and that he "considered all relevant listings, including, but not limited to, Listing 1.04 *Disorders of the spine*." Tr. 22. In connection with Social Security disability cases, the Tenth Circuit has stated that its "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, at 1173 (10th Cir. 2005). Even so, the Court notes, without deciding, that the ALJ's sparse discussion at step three may have been insufficient if it were not for the ALJ's more robust analysis at step four. *See*

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (stating that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment").  The ALJ repeatedly referenced and cited to evidence of Plaintiff's fibromyalgia as he canvassed the record and summarized the effects of Plaintiff's asserted impairments in order to determine Plaintiff's RFC.  *See, e.g.*, Tr. 26-28.  Although Plaintiff is correct that it is ultimately the ALJ's responsibility to identify the appropriate Listings at step three, *see Clifton v. Carter*, 79 F.3d 1007, 1009 (10th Cir. 1996), it is Plaintiff's responsibility on appeal to direct the Court's attention to evidence linking her impairments to one another or demonstrating that her impairments, considered in the aggregate, might satisfy a particular step three listing.  *See Fischer-Ross*, 431 F.3d at 735 n.8.  Plaintiff has not sufficiently done so.  *See, e.g.*, *Brief* [#19] at 24-25 (mentioning Listing 1.04 but failing to show with specificity how the ALJ may have erred in his evaluation).  Regardless, in short, it is clear that the ALJ considered the effect of Plaintiff's fibromyalgia on her RFC, and thus the Court finds no reversible error on this point.

However, regarding the ALJ's assessment of Plaintiff's mental limitations, the Court comes to a different conclusion.  At step two, the ALJ appropriately considered Plaintiff's asserted mental limitations and provided reasons for why he did not find them to be severe.  Tr. 20-21.  However, "this does not mean that the omitted impairment simply disappears from his analysis.  In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"  *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008).  Here, there is nothing in the Decision demonstrating that the ALJ considered Plaintiff's

mental impairments at either step three or step four of his analysis.  At step three, the ALJ stated that, "based on a review of the entire record, . . . the claimant's *physical* impairments, either individually or collectively, do not meet or equal a listing," but he does not otherwise explicitly refer to or imply consideration of the impact of Plaintiff's mental limitations in combination with her other impairments. Tr. 22 (emphasis added).  This might be overlooked as harmless error if there were discussion at step four regarding Plaintiff's mental limitations and any impact they might have on the RFC.  *See Fischer-Ross*, 431 F.3d at 733.  However, there appears to be no analysis, or even mention, of mental limitations either at step four of the Decision or in the hypotheticals posed by the ALJ to the VE at the hearing.  While the Court makes no comment regarding whether Plaintiff's asserted mental limitations would indeed have any impact on the ultimate issue of whether Plaintiff is or is not disabled, the Decision lacks the information required for a determination of whether the ALJ fully considered all of Plaintiff's impairments at step three and step four of his analysis. Accordingly, the Court finds that this matter should be remanded for further proceedings.[4]

### IV.  Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent

---

[4] The Court does not address Plaintiff's step five argument as the ALJ's analysis may be impacted by his reevaluation of steps three and four on remand.

with this opinion.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). See Knuutila v. Colvin, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 (D. Colo. Aug. 31, 2015).

Dated: September 15, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[5] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. See Nielson v. Sullivan, 992 F.2d 1118, 1122 (10th Cir. 1993). By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. See, e.g., Knuutila v. Colvin, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 n.5 (D. Colo. Aug. 31, 2015).