IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02602-KLM

MICHELE G. PADILLA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the parties' **Stipulation for Equal Access to Justice Act Attorney Fees** [#31],[2] (the "Motion"). In the Motion, the parties agree that Plaintiff should be awarded $4,500.00 in attorneys' fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). *Motion* [#31] at 1. Under the EAJA, a party who prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C.

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [#27].

[2] "[#31]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

§ 405(g), she is a prevailing party for purposes of the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Having reviewed the hours and hourly rate of Plaintiff's attorney, Teresa H. Abbott, *see* [#31-2], and given the parties' agreement to an award of $4,500.00, the Court finds this amount to be reasonable.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that Defendant shall pay Plaintiff **$4,500.00** in attorneys' fees under the EAJA.

IT IS FURTHER **ORDERED** that if, after receiving this Order, the Commissioner (1) determines that Plaintiff has assigned the EAJA fees to his attorney, (2) determines upon effectuation of this Order that Plaintiff does not owe a debt which is subject to offset under the Treasury Offset Program, and (3) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney.  However, if there is a debt owned under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated:  November 12, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge